**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JOSEPH CAPONE,** | : | Civil Action No. |
| **117 Wilson Avenue** | : | |
| **Woodlyn, PA 19094** | : | |
|       Plaintiff, | : | |
| | : | |
|   v. | : | **Complaint and Jury Demand** |
| | : | |
| **DELAWARE RIVER PORT** | : | |
| **AUTHORITY,** | : | |
| **One Port Center** | : | |
| **2 Riverside Drive** | : | |
| **Camden, NJ 08101** | : | |
|       Defendant. | : | |

### CIVIL ACTION

Plaintiff, Joseph Capone (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, brings this civil matter against Delaware River Port Authority (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA") and the New Jersey Law Against Discrimination ("NJLAD"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant is a regional transportation agency with a location and headquarters located at One Port Center, 2 Riverside Drive, Camden, NJ 08101.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the Americans with Disabilities Act of 1990, as amended, ("ADA") and the New Jersey Law Against Discrimination.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2021-00158 and was dual filed with the New Jersey Division on Civil Rights ("NJDCR").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated February 24, 2021. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On September 24, 2018, Defendant hired Plaintiff as a HVAC Controls Mechanic.

21. Plaintiff was well qualified for his position and performed well.

22. In the end of May 2019, Plaintiff sustained a lumbar sprain that resulted in him becoming disabled.

23. Plaintiff treated with Dr. Richard Zamarin, Orthopedic Surgeon, placed Plaintiff on a medical leave of absence due to his lumbar sprain.

24. Dr. Zamarin did not initially give Plaintiff a return to work date.

25. Plaintiff informed Anne Kubiak, Claims Administrator, of the medical leave Dr. Zamarin placed Plaintiff on due to his lumbar sprain disability.

26. Ms. Kubiak approved Plaintiff's medical leave of absence.

27. Plaintiff continued to update Ms. Kubiak about the status of his medical leave.

28. In or around May 2020, Dr. Zamarin released Plaintiff to return to work at full duty.

29. However, when Plaintiff informed Defendant of this, he was informed that he had to take an occupational capacity test.

30. On June 4, 2020, Plaintiff took the occupational capacity test at Novacare's Swedesboro location.

31. Plaintiff was informed that he failed the test, but he was not allowed to view the results.

32. On August 13, 2020, Plaintiff took a second occupational capacity test at Novacare's West Chester location.

33. Plaintiff passed the occupational capacity test and was cleared to return to work at full duty.

34. He then sent the test results to Ms. Kubiak and Richard Franzini, Union Representative.

35. However, Defendant stated that it could not accept these test results and did not bring him back to work.

36. Shortly afterwards, Brenda Pringle, Human Resource Representative, informed Plaintiff that he could not return to work as a HVAC Control Mechanic, despite being medically cleared to do so, but that he could apply for other positions at Defendant.

37. Plaintiff communicated with Ms. Pringle about applying for an available Energy Management Analyst position.

38. Plaintiff was well qualified for this position.

39. However, on June 30, 2020, Kelly Forbes, Human Resource Director, informed Plaintiff that John Hanson, CEO, put a freeze on the Energy Management Analyst position allegedly due to COVID-19.

40. In late July 2020, Plaintiff received a termination letter dated July 3, 2020 and signed by Mr. Hanson.

41. It is Plaintiff's position that he was discriminated against due to his disability, denied a reasonable accommodation and retaliated against for requesting a reasonable accommodation in violation of the ADA.

### COUNT I – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

42. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

43. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

44. Plaintiff was qualified to perform the job.

45. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

46. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

47. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

48. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

49. The purported reason for Defendant's decision is pretextual.

50. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

51. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

52. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

53. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

54. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

55. Plaintiff has disabilities that substantially limit major life activities.

56. Plaintiff was qualified to perform the job.

57. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

58. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

59. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

60. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

61. The purported reason for Defendant's decision is pretextual.

62. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

63. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

64. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III - RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

65. The foregoing paragraphs are incorporated herein by reference as though set forth in full.

66. Plaintiff engaged in activity protected by ADA when he requested reasonable accommodations.

67. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

68. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV - RETALIATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

69. The foregoing paragraphs are incorporated herein by reference as though set forth in full.

70. Plaintiff engaged in activity protected by the NJLAD when he requested reasonable accommodations.

71. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

72. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Joseph Capone, requests that the Court grant him the following relief against Defendant:

(a)   Compensatory damages;

(b)   Punitive damages;

(c)   Emotional pain and suffering;

(d)   Reasonable attorneys' fees;

(e)   Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the NJLAD.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                        **RESPECTFULLY SUBMITTED,**

                                        **KOLLER LAW, LLC**

Date: May 25, 2021            **By:**   */s/ David M. Koller*
                                                  David M. Koller, Esquire (037082002)
                                                  2043 Locust Street, Suite 1B
                                                  Philadelphia, PA 19103
                                                  215-545-8917
                                                  davidk@kollerlawfirm.com

                                                  *Counsel for Plaintiff*